IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| James Baldwin, | C/A No. 0:24-cv-319-JFA |
| Plaintiff, | |
| v. | |
| State Farm Fire & Casualty, Company, Inc., | **ORDER** |
| Defendant. | |

James Baldwin (Plaintiff), proceeding *pro se*, sued State Farm Fire & Casualty, Company, Inc. (Defendant) for breach of contract and bad faith. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. After the discovery period, Defendant moved for Summary Judgment (ECF No. 71).

On December 3, 2024, the Magistrate Judge issued a thorough Report and Recommendation, recommending this Court dismiss Plaintiff's claims as time-barred by the statute of limitations. (ECF No. 98). However, for the reasons discussed below, the Court finds that it lacks subject matter jurisdiction over this matter and remands it to the state court from which it was removed.

I.      FACTUAL BACKGROUND

On December 20, 2023, Plaintiff filed this action in the South Carolina Circuit Court for York County. (ECF No. 1-1). Defendant subsequently removed the case to this Court, arguing that there is federal jurisdiction pursuant to 28 U.S.C. § 1332(a). (ECF No. 1).

Under § 1332(a), district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different

States." 28 U.S.C. § 1332(a)(1). Here, diversity of citizenship is undisputed; Plaintiff is a citizen of South Carolina and Defendant is an entity organized under the law of Illinois with its principal place of business in Illinois. (ECF No. 1, ¶¶ 3–4). However, the amount in controversy is less certain. In his prayer for relief, Plaintiff states, "[B]ased on the above Complaint, the Plaintiff James Baldwin respectfully prays that the Court grant a jury trial and relief as is proper all in an amount not to exceed $75,000." (ECF No. 1-1, pg. 4).

To ascertain this Court's jurisdiction, the Magistrate Judge issued the following Special Interrogatories:

1. At the time this matter was removed to this court (January 22, 2024), was it Plaintiff's intent to pursue monetary damages in excess of $75,000?

2. Is Plaintiff willing to stipulate that this statement limits the damages exclusive of interests and costs, which he will pursue in this action?

(ECF No. 5, pg. 3). In response to the first question, Plaintiff stated:

> No, the Plaintiff James Baldwin respectfully request[s] that the Court award Relief by entering a judgment in favor of the Plaintiff and against the defendants for actual and punitive damages in an amount to be proven at trial and determined by the jury at the trial of this matter in controversy not to exceed over $75,000.

(ECF No. 13, pgs. 1–2). In response to the second question, Plaintiff stated:

> Interrogatory number 2 is objected to on grounds that it is vague, ambiguous, and confusing in that this statement is nowhere defined and as a result, the Plaintiff is unable to ascertain the intent or meaning of the question. Furthermore, if sanctions are imposed against the defendants during the court of justice would sanctions be defined as damages?

*Id.* at 2. Based on the Plaintiff's answer to the second question, the claims proceeded in federal court. However, after reviewing the record, the Court finds it prudent to take a renewed look at subject matter jurisdiction.

II.     **LEGAL STANDARD**

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)); *see also In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (holding that federal courts are "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute"). Accordingly, a court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *In re Bulldog Trucking, Inc.* 147 F.3d at 352*; see also* Fed. R. Civ. P. 12(h)(3). ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court if the case could have been brought there originally. 28 U.S.C. § 1441. Removal of a case from state to federal court may be accomplished through 28 U.S.C. § 1441(a), which states in relevant part:

> [A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Under 28 U.S.C. §1332, the Court tests the amount in controversy at the time of removal. Limitations on damages after removal do not affect jurisdiction; however, clarifications of the amount sought at the time of removal may result in remand. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) (post-removal amendment does not affect jurisdiction); *Cole v. Great Atl. & Pac. Tea Co.,* 728 F.Supp. 1305 (E.D. Ky. 1990) (ambiguous demands may be subject to post-removal clarification).

The Fourth Circuit has held that removal jurisdiction is to be strictly construed in light of federalism concerns. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). If federal jurisdiction is doubtful, remand to state court is required. *Id.*

### III.     DISCUSSION

In support of removal, Defendant argued the following:

> According to the United States Supreme Court, where both actual and punitive damages are allegedly recoverable under a complaint, "each must be considered to the extent claimed in determining [the] jurisdictional amount." Thus, the amount in controversy easily exceeds the jurisdictional limit as Plaintiffs' "claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount."

(ECF No. 1, pgs. 2–3) (citations omitted). The Court agrees with Defendant that it must consider Plaintiff's prayer for punitive damages in assessing the amount in controversy. However, the Court cannot, without more, accept Defendant's bare assertion that Plaintiff's prayer for punitive damages automatically confers federal diversity jurisdiction.

The Magistrate Judge issued special interrogatories to clarify whether Plaintiff intended to pursue monetary damages in excess of $75,000. In response, Plaintiff unambiguously responded in the negative. Further, Plaintiff has maintained throughout this litigation that his claims do not exceed the jurisdictional threshold. (ECF No. 1-1, pg. 4) (requesting an unspecified amount "not to exceed $75,000"); (ECF No. 13, pgs. 1–2) (stating that amount in controversy is not to exceed $75,000); (ECF No. 83, pg. 2) (contending there is not a valid basis for federal subject matter jurisdiction); (ECF No. 84, pg. 2) (arguing that Defendant impermissibly removed the case to federal court because the damages sought do not "exceed the threshold of 28 U.S.C. § 1332"). Relying on Defendant's conclusory jurisdictional allegation and Plaintiff's continued assertion that his claims are for less than $75,000, subject matter jurisdiction is, at a minimum, doubtful. *Mulcahey*, 29 F.3d at 151 ("Because removal jurisdiction raises significant federalism concerns,

we must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary.") (citations omitted). Therefore, in light of federalism concerns, the Court finds it is proper to remand the case to the state court in which it was filed.

IT IS THEREFORE ORDERED that this action be remanded to the South Carolina Circuit Court for York County.[1]

IT IS SO ORDERED

February 13, 2025                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge

---

[1] As discussed above, the Court lacks subject matter jurisdiction over this case. Therefore, Defendant's Motion for Summary Judgment (ECF No. 71) is dismissed as moot.